MANN, Chief Judge.
Banks holds, as trustee, more than 4,000 acres on Little Pine Island in Lee County, It was assessed in 1967, 1968, 1969 and 1970 for $346,400. In 1971 the assessor valued it originally at $2,000,000, and that figure was reduced by the Board of Adjustment to approximately $1,500,000. Banks’ claim that the assessment was “arbitrary, capricious, excessive, unequal and discriminatory,” was held to have been unproved by the trial judge. It is true that the assessment was not shown to be excessive, but it is shown clearly to be arbitrary, capricious, unequal and discriminatory. Banks’ parcel stands alone as the target of the assessor’s reappraisal. The only change in the situation has been a judicial decree fixing its boundaries. The deputy assessor seems to have attributed great weight to this event but we view it as without significance of the -magnitude which would warrant such a drastic increase. The court ruling would appear without significance whatsoever, except for a slight increase in the acreage included within the judgment fixing boundaries. Certainly most landowners get by without judicial declaration of their boundaries, and the assessor’s argument reminds one of the claim that one returned from the State *135 Hospital has a superior claim to sanity because he has papers to prove it. In essence, nothing has changed. It is still the same old land.
There is an assertion in the record that “all lands are assessed at just value” hut this is a conclusion without evidentiary force when refuted by all the evidence. It appears that the appellant’s lands have been subjected to discriminatory treatment and that the learned trial judge was in error. Schooley v. Sunset Realty Corp., Fla.App.2d 1966, 185 So.2d 1.
Reversed.
BOARDMAN, J. and COWART, JOE A., Jr., Associate Judge, concur.